11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

David Max
Burgess, Jr. 

Appellant

Vs.      
            Nos. 11-00-00383-CR
& 11-00-00384-CR  --  Appeals from Stephens County

State of Texas

Appellee

 

The issue
in these appeals is the propriety of orders transferring jurisdiction to the
district court in Stephens County.  In
both cases, David Max Burgess, Jr. was placed on deferred adjudication
community supervision by the 194th Judicial District Court of Dallas
County.  The State subsequently filed a
motion to adjudicate, alleging that appellant had violated the terms and
conditions of his community supervision while in Stephens County.  The 194th Court entered an order
transferring jurisdiction of each case to the 90th Judicial District Court of
Stephens County.  Subject to his motion
to set aside the transfer orders, appellant pleaded true to the allegations in
the motions to adjudicate.  In each
case, the 90th Judicial District Court convicted appellant of aggravated
robbery and assessed his punishment at confinement for 18 years and a fine of
$5,000.  We affirm.  

In his
sole point of error in each case, appellant argues that the trial court erred
in overruling the motion to set aside the order transferring jurisdiction
because the 90th Judicial District Court of Stephens County lacked jurisdiction
to adjudicate appellant=s guilt.  Appellant relies upon
TEX. CODE CRIM. PRO. ANN. art. 42.12, ' 10(b) & (c) (Vernon Supp. 2002), which reads as follows: 

(b) After
a defendant has been placed on community supervision, jurisdiction of the case
may be transferred to a court of the same rank in this state having
geographical jurisdiction where the defendant is residing or where a violation
of the conditions of community supervision occurs.  Upon transfer, the clerk of the court of original jurisdiction
shall forward a transcript of such portions of the record as the transferring
judge shall direct to the court accepting jurisdiction, which latter court
shall thereafter proceed as if the trial and conviction had occurred in that
court.

 








(c) Any judge of a court having geographical jurisdiction where the
defendant is residing or where a violation of the conditions of community
supervision occurs may issue a warrant for his arrest, but the determination of
action to be taken after arrest shall be only by the judge of the court having
jurisdiction of the case at the time the action is taken.

Appellant contends that
the 90th Court had no jurisdiction to rule upon the motions to adjudicate
because the 194th Court had jurisdiction at the time the arrest was made and,
thus, was the only court having jurisdiction to determine the action to be
taken after arrest.  We disagree.  

Article
42.12, section 10(b) permits the transfer of jurisdiction of a case in which
the defendant has been placed on community supervision.  Such transfer may be made to a sister court
having jurisdiction in the location where the violation of a condition of
community supervision occurred.  The transferee
court may act upon a motion to revoke or a motion to adjudicate that was filed
in the transferring court.  See Op. Tex.
Att=y Gen. No. JM-194 (1984).  

In this
case, the transfer complied with the provisions of Article 42.12, section
10(b).  The 194th Court originally
imposed appellant=s
deferred adjudication community supervision but transferred jurisdiction to the
90th Court upon the State=s filing of a motion to adjudicate which asserted that appellant had
violated the terms and conditions of community supervision by committing an
offense in Stephens County, a geographical region within the jurisdiction of
the 90th Court.  

Furthermore,
Article 42.12, section 10(c) does not support appellant=s contention.  At the time the 194th Court took an action by transferring the
cases, it had jurisdiction; and, at the time the 90th Court took an Aaction@ by granting the State=s motions to adjudicate, it had jurisdiction by way of the transfer
orders.  Consequently, we hold that the
trial court did not err in overruling appellant=s motion to set aside the transfer orders.  Appellant=s sole point of error in each case is overruled.  

The
judgments of the trial court are affirmed. 


 

January 17, 2002                                                          PER CURIAM

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J.